# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JAMES DARNELL BLACK,** | ) | **CASE NO. 1:17 CV 2393** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **STATE OF OHIO,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff James Darnell Black, currently a prisoner incarcerated in the State of Idaho, has filed an *in forma pauperis* complaint in this matter pursuant to 42 U.S.C. § 1983 against the State of Ohio, the Ashland County Prosecutor's Office, the Ashland County Sheriff's Office, and "Ashland County Commissioners." (Doc. No. 2.) He has amended his complaint to add Ashland County Court of Common Pleas Judge Ronald P. Forsthoefel as a defendant. (Doc. No. 16).

The basis for his action is that his Fourth Amendment rights were violated, and he was unlawfully confined in the Ashland County Jail in November 2011, because Judge Forsthoefel denied his request to dismiss a 2010 criminal indictment against him with prejudice on the basis of the single transfer rule and speedy trial provisions of the Interstate Agreement on Detainers (IAD). This allowed the State of Ohio to re-indict him on more serious charges in Ashland

County for which he stood trial. He seeks only monetary relief.

District courts are expressly required, under 28 U.S.C. §1915(2)(2)(B), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even assuming his position with respect to his rights under the Interstate Agreement on Detainers (IAD) has merit, the only two defendants he mentions in the body of his pleadings, Judge Forsthoefel and the State of Ohio, are immune from his damages suit. It is well established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). The plaintiff's allegations against Judge Forsthoefel clearly pertain to the performance of judicial duties for which the judge is entitled to absolute immunity.

The State of Ohio is entitled to immunity under the Eleventh Amendment and cannot be sued for damages in federal court. *See Herbst v. Voinovich*, 9 F. Supp.2d 828, 832 (N.D. Ohio 1998).

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's motion for appointment of counsel (Doc. No. 17) is denied. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                    /s/ Dan Aaron Polster       3/9/2018
                                    DAN AARON POLSTER
                                    UNITED STATES DISTRICT JUDGE